**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estelle Lazell, | No. CV 10-02660-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Wyeth, LLC, et al., | |
| Defendants. | |

Before the Court is a jointly filed "Notice" (Doc. 145), which states that the parties "have reached a resolution in principle of this case" and "are working on documentation with respect to the resolution." It also states that the parties "currently anticipate completing the resolution later this year" and requests that the Court adjourn any pending deadlines.

This case was filed in this District in July 2004 and transferred to the hormone therapy multidistrict litigation pending in the Eastern District of Arkansas in January 2005. It was severed from the multidistrict litigation in November 2010 and re-filed in this District in December 2010. In April 2011 the Court denied Defendants' motion to transfer cases for pretrial coordination of the 43 hormone therapy cases then pending in this District, stating:

> After almost seven years of litigation, each of the plaintiffs in the cases remanded from MDL 1507 is entitled to prompt, efficient completion of case-specific discovery and briefing and determination of pretrial

motions. . . . These cases now need to be brought to trial as quickly as possible and each case on its own terms.

The Scheduling Order issued in this case stated:

> The parties are encouraged to discuss settlement at all times during the pendency of the litigation. The Court will not, however, extend the case processing deadlines because the parties wish to avoid litigation expense if and when they elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly.

The Scheduling Order also stated that the deadlines are real and will be enforced and repeated the warning that case processing deadlines will not be extended if and when the parties elected to pursue settlement efforts.

The Notice is an unlabeled motion to suspend the case processing deadlines for six months even though no binding settlement has been made. It will therefore be denied, and no delay of any deadline will be granted unless the parties jointly advise in writing that a legally binding settlement has been made (even if further documentation is needed), such that there is no prospect that any request will be made to resume the litigation. The parties are encouraged to pursue settlement.

IT IS THEREFORE ORDERED that the Notice (Doc. 145), treated as a motion to suspend any case processing deadlines, is denied.

DATED this 14th day of June, 2012.

_____
Neil V. Wake
United States District Judge

- 2 -